**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THURMOND L. ROBERTS,
Plaintiff-Appellant,

v.

MICHAEL H. HOLLAND; MARTY

HUDSON; ELLIOT A. SEGAL; JOSEPH J.
STAHL, III, As Trustees of the
United Mine Workers of America
1974 Pension Plan and Trust,
Defendants-Appellees.

No. 97-2290

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-96-592-2)

Submitted: May 19, 1998

Decided: July 29, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert B. Wilson, Charleston, West Virginia, for Appellant. Glenda
S. Finch, Deputy General Counsel, Corina M. Trainer, Assistant Gen-
eral Counsel, Office of the General Counsel, UMWA HEALTH &
RETIREMENT FUNDS, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thurmond L. Roberts appeals the district court's order granting summary judgment to the Trustees of the United Mine Workers of America 1974 Pension Trust ("Pension Trust" or"Plan") upholding the denial of a certain pension. For the reasons that follow, we affirm.

Roberts seeks service credit for his employment with J & L Roberts Coal Company ("J & L") for the years 1959 through 1961. The parties agree that if Roberts receives service credit for those years, he would be eligible for the pension he seeks[1] and that Roberts' claim is properly analyzed under the Employee Retirement Income Security Act of 1974 ("ERISA"), see 29 U.S.C.A.§§ 1001-1168 (West 1985 & Supp. 1998), because the Pension Trust is an ERISA-covered pension plan. See 29 U.S.C.A. §§ 1002(3), (37); Brogan v. Holland, 105 F.3d 158 (4th Cir. 1997) (construing same plan). Because the Plan grants the Trustees discretion to determine benefits, the narrow issue is whether the Trustees abused their discretion in denying Roberts the contested years of service credit. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Lockhart v. United Mine Workers of America 1974 Pension Trust, 5 F.3d 74, 77 (4th Cir. 1993). If reasonable, a trustee's challenged denial of benefits should not be disturbed. See DeNobel v. Vitro Corp., 885 F.2d 1180, 1187-88 (4th Cir. 1989).

An award of benefits under an ERISA plan is governed in the first instance by the language of the plan itself. See Lockhart, 5 F.3d at 78. The Trustees' denial of benefits was based upon the Plan's provision that: "No credit for service shall be awarded a Participant for any period in which such Participant was directly connected with the ownership, operation or management of a mine."[2] The Trustees found

_____

[1] Roberts seeks eligibility for a"Deferred Vested Pension -- Special."
[2] J.A. at 143.

2

Roberts connected with ownership of J & L because Social Security Administration wage records indicated that he was self-employed and received no wages between 1959 and 1961 and evidence from a 1960 workers' compensation claim revealed that Roberts was a one-fifth stockholder in J & L. Roberts responds that he was a J & L employee, that his workers' compensation claim, which was initially denied (presumably because he was not an employee), was overturned on appeal, and that no records of a corporation named J & L are maintained in the State of West Virginia.

We find that the Trustees' decision to deny benefits was reasonable and was not an abuse of discretion. See Lockhart , 5 F.3d at 77; DeNobel, 885 F.2d at 1187-88. First, under the language of the Plan a person could be both an employee and connected with the ownership of the mine; therefore, whether Roberts qualified for workers' compensation benefits as an employee is irrelevant to whether he is disqualified for service credit under the Plan. Second, that no record of J & L's incorporation in West Virginia has been found is also not dispositive of the issue because the company could have been incorporated in another state or the state records simply lost. Finally, the Trustees reasonably relied on verifiable information in denying benefits. Accordingly, we affirm the district court's order granting summary judgment to the Trustees.

We dispense with oral argument because the facts and legal contentions are adequately addressed in the material before the court and argument would not aid the decisional process.

AFFIRMED

3